IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF HATCHER, *Individually and as the lawful heirs of the Estate of Jordan Ross Hatcher, deceased*, and MICHELLE HATCHER, *Individually and as the lawful heirs of the Estate of Jordan Ross Hatcher, deceased*, | § § § § § § § | |
| Plaintiffs, | § § | No. 3:14-cv-432-M-BN |
| V. | § § | |
| CITY OF GRAND PRAIRIE and WESLEY BEMENT, | § § § | |
| Defendants. | § § § | |

## ORDER STAYING DISCOVERY

This is a civil action alleging the use of excessive force against Jordan Ross Hatcher in violation of the Fourth Amendment of the United States Constitution. Defendant Grand Prairie Police Officer Wesley Bement has filed an answer that pleads the affirmative defense of qualified immunity, *see* Dkt. No. 11, and has also filed a Motion to Dismiss for Failure to State a Claim and Alternative Request for Rule 7(a) Reply to Immunity Defense, *see* Dkt. No. 9. Defendant City of Grand Prairie has also filed an answer and a Motion to Dismiss. *See* Dkt. Nos. 8 & 10. The motions to dismiss are now fully briefed and pending before the Court.

The parties have now filed the required Joint Status Report & Proposed Scheduling Plan. *See* Dkt. No. 18. In the report, Defendant Bement asserts that the Court should impose a stay of all discovery, including against the City of Grand Prairie, and Plaintiffs assert that they have met their pleading burden against both Defendants and should be allowed to proceed with discovery. *See id.*

The Court determines that the qualified immunity defense must be decided before discovery can proceed in this case. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation"). All discovery is stayed pending a ruling on Defendant Wesley Bement's Motion to Dismiss for Failure to State a Claim and Alternative Request for Rule 7(a) Reply to Immunity Defense and further order of the Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Wicks v. Miss. State Employees Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see generally Zapata v. Melson*, ___ F.3d ___, 2014 WL 1545911 (5th Cir. Apr. 18, 2014)*; Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987).

After the Court has ruled on the pending motions to dismiss, the Court will, as necessary, issue an order setting forth appropriate procedures and deadlines for further proceedings in this case.

SO ORDERED.

DATED: May 15, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE