IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF HATCHER and MICHELLE HANSFORD, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:14-cv-432-M-BN |
| WESLEY BEMENT, | § § § | |
| Defendant. | § | |

## ORDER REQUIRING MOTION ON QUALIFIED IMMUNITY

Plaintiffs Jeff Hatcher and Michelle Hansford ("Plaintiffs"), individually and as the heirs of the estate of Jordan Ross Hatcher ("Hatcher"), filed this civil rights action against the City of Grand Prairie, Texas and Officer Wesley Bement of the Grand Prairie Police Department on February 4, 2014 [Dkt. No. 1]. Plaintiffs alleged that Officer Bement used excessive force against Hatcher in violation of 42 U.S.C. § 1983 and that Grand Prairie is liable for Officer Bement's use of excessive force, claimed violations of Texas tort law against Grand Prairie because Officer Bement was acting within the course and scope of his employment when he injured Hatcher, and sought punitive damages against both defendants. *See generally* Dkt. No. 1.

Most recently, the Court adopted the undersigned's December 15, 2014 Findings, Conclusions, and Recommendation [Dkt. No. 36] and granted Grand Prairie's second motion to dismiss [Dkt. No. 27] but denied Officer Bement's second motion to dismiss [Dkt. No. 28]. *See* Dkt. Nos. 37 & 38. Because Plaintiffs' claim against Officer Bement survives, the undersigned resumes pretrial management of this action, *see* Dkt. No. 36

at 15-16, and this order is entered so that Officer Bement's affirmative defense of qualified immunity will be decided on an expedited basis by way of summary judgment motion, *see Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation").

Accordingly, Officer Bement shall file a motion for summary judgment on his affirmative defense of qualified immunity by **February 19, 2015**.

The motion must be accompanied by or incorporate a brief, and the motion and brief shall not together exceed 30 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6. Officer Bement must bracket in the margin of each document in the appendix the portions of the document upon which he relies, and, when citing record materials in the brief, Officer Bement must support each assertion by citing each relevant page of the appendix.

Officer Bement shall hand deliver a copy of all filings in connection with the motion to the district clerk's office, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, no later than the next business day after the document is filed.

No party may file more than one motion for summary judgment without leave of court. *See* N.D. TEX. L. CIV. R 56.2(b). Except to the extent any requirement is modified herein, any motion for summary judgment must comply with the requirements of Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

All discovery is stayed pending a ruling on Officer Bement's motion for summary judgment. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see generally Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014)*; Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987).

Where a defendant has asserted a qualified immunity defense, the Court can, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified immunity defense. *See Wicks*, 41 F.3d at 994. On a proper request, the Court may authorize Plaintiffs to conduct limited discovery in order to respond to the qualified immunity issues raised in Officer Bement's summary judgment motion. *See generally Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense.").

After Officer Bement files his motion for summary judgment, the Court will issue a further order setting forth procedures and deadlines for any possible request

for limited discovery and for Plaintiffs' response to Officer Bement's motion for summary judgment.

SO ORDERED.

DATED: January 16, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE