IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFF HATCHER and MICHELLE HANSFORD, § § § Plaintiffs, § § V. § WESLEY BEMENT, § § Defendant. § | No. 3:14-cv-432-M-BN |

**MEMORANDUM OPINION AND ORDER REGARDING**
**CONSTRUED FED. R. CIV. P. 56(E)(1) REQUEST**

Defendant Wesley Bement's motion for summary judgment on his affirmative defense of qualified immunity [Dkt. No. 60] is before the undersigned United States magistrate judge for issuance of findings of fact, conclusions of law, and recommendation.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (in turn quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); some internal quotation marks omitted). This "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (per curiam)

(quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011); internal quotation marks omitted); *see also Mullenix*, 136 S. Ct. at 308 ("[a] clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right'"(quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012))).

The qualified immunity defense is appropriately resolved at the summary judgment stage when (1) a plaintiff has established that the defendant has engaged in the complained-of conduct or (2) the court "skip[s], for the moment, over ... still-contested matters to consider an issue that would moot their effect if proved." *Harlow*, 457 U.S. at 818; *see also Haverda v. Hays County*, 723 F.3d 586, 599 (5th Cir. 2013). "'If resolution of [qualified immunity] in the summary judgment proceedings turns on what the defendant actually did, rather than on whether the defendant is immunized from liability ..., and if there are conflicting versions of his conduct, one of which would establish and the other defeat liability, then the case is inappropriate for summary judgment.'" *Haverda*, 723 F.3d at 599 (quoting *Barker v. Norman*, 651 F.2d 1107, 1123-24 (5th Cir. Unit A July 1981)). Accordingly, the qualified immunity inquiry at the summary judgment stage requires the court to "recount the version of events most favorable to [the plaintiffs]." *Cole v. Carson*, 802 F.3d 752, 758 (5th Cir. 2015).

In support of his motion, Defendant, in part, raises objections to the admissibility of evidence that Plaintiffs present to raise a genuine dispute of material fact that Defendant's shooting of Jordan Hatcher was objectively unreasonable under the circumstances. *See* Dkt. Nos. 70, 76, & 77. In responding to Defendant, Plaintiffs,

in part, request "that this Court defer considering the [summary judgment motion] and allow Plaintiffs time to obtain affidavits or declarations or to take additional discovery pursuant to [Federal Rule of Civil Procedure] 56(d)." Dkt. No. 76 at 1.

Under Rule 56(d), a "nonmovant" may provide the Court with "specified reasons" why "it cannot present facts essential to justify its opposition" to a motion for summary judgment. FED. R. CIV. P. 56(d). "Rule 56(d) 'discovery motions are "broadly favored and should be liberally granted."'" *Integracolor, Ltd. v. McClure*, No. 3:13-cv-4357-B, 2014 WL 4209577, at *3 (N.D. Tex. Aug. 26, 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (in turn quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) and construing former FED. R. CIV. P. 56(f))). But a Rule 56(d) "motion to re-open discovery [is] procedurally defective" – and therefore must be denied – if "a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment [fails] to present an affidavit or declaration." *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) (per curiam).

Plaintiffs have not presented a procedurally proper Rule 56(d) motion. But, because the Court already has allowed limited discovery to uncover facts needed to rule on the motion for summary judgment on Defendant's affirmative defense of qualified immunity, *see Hatcher v. Bement*, No. 3:14-cv-432-M-BN, 2015 WL 1511106 (N.D. Tex. Apr. 3, 2015), the Court understands Plaintiffs' request for time "to obtain affidavits or declarations," Dkt. No. 76 at 1, to mean that – to the extent that the Court agrees with Defendant that facts that Plaintiffs contend to be material to the issues before the

Court are not properly supported or presented in an admissible form, *see, e.g.*, FED. R. CIV. P. 56(c)(2); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191-92 (5th Cir. 1991) – Plaintiffs would like an opportunity to properly support those facts, *cf. Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (per curiam) (while Rule 56(d) "motions are broadly favored and should be liberally granted, ... because qualified immunity is an *immunity from suit* rather than a mere defense to liability, the district court should limit the extent of discovery if it is avoidable" (citations and internal quotation marks omitted; emphasis in original)).

Federal Rule of Civil Procedure 56(e)(1) provides that, "[i]f a party fails to properly support an assertion of fact," for example, "the court may" "give an opportunity to properly support or address the fact." FED. R. CIV. P. 56(e)(1); *see also* FED. R. CIV. P. 56 committee's note, 2010 Amendments, Subdivision (e) ("[S]ummary judgment cannot be granted by default ... , [particularly] when an attempted response fails to comply with Rule 56(c) requirements.... Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact. In many circumstances this opportunity will be the court's preferred first step.").

Therefore, to the extent that Plaintiffs believe that material facts that they assert in opposition to the summary judgment motion are not properly supported or presented to the Court in a proper form, the Court, pursuant to Rule 56(e)(1), GRANTS Plaintiffs until **December 28, 2015** to file a supplemental response to the summary

judgment motion, and Defendant may file a supplemental reply no later than **January 11, 2016**.

    SO ORDERED.

    DATED: December 14, 2015

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE