IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEFF HATCHER and MICHELLE         §
HANSFORD,                         §
                                  §
         Plaintiffs,              §
                                  §
V.                                §          No. 3:14-cv-432-M-BN
                                  §
WESLEY BEMENT,                    §
                                  §
         Defendant.               §

**ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this

case, the Findings, Conclusions, and Recommendation of the United States Magistrate

Judge dated February 2, 2016 [Dkt. No. 81], and the objections filed by Defendant

Wesley Bement [Dkt. No. 82] and Plaintiffs Jeff Hatcher and Michelle Hansford [Dkt.

No. 83], to which no responses were filed, the Court finds that the Findings,

Conclusions, and Recommendation of the Magistrate Judge are generally correct, and

they are accepted in part with the following modification.

The Magistrate Judge sustained Defendant's objection that recordings of

interviews of civilian eyewitnesses conducted by the Arlington Police Department and

the Tarrant County College District Police Department, submitted by Plaintiffs in

opposition to Defendant's summary judgment motion, should be excluded because those

statements are hearsay and are not admissible under a hearsay exception. Plaintiffs

provided business record affidavits from both police departments, but the Magistrate

Judge determined that the eyewitness statements are, like "[t]hird party statements included in a police report," "not admissible under the public records exception to the hearsay rule." *Manis v. Lawson*, 585 F.3d 839, 844 n.3 (5th Cir. 2009) (citing 2 MCCORMICK ON EVIDENCE § 296 (6th ed. 2006)).

Without prejudice to revisiting this issue at trial, the Court is not now convinced that the business records exception does not cover these eyewitness statements, which were not themselves within a police report but instead in the police departments' files.

For example, the United States Court of Appeals for the Fifth Circuit has determined that witness statements contained in the notes of a defendant's vice-president regarding his investigation of sexual harassment complaints fell "within the business records exception to the hearsay rule." *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 481 n.7 (5th Cir. 2002) (noting that "'[w]hether evidence is admissible under [Federal Rule of Evidence] 803(6) is chiefly a matter of trustworthiness' and that there was no reason to doubt the 'trustworthiness' of [the] notes" because, "to the extent that Clark, a vice-president at Catalyst, might have been dishonest in recording these matters, he surely had an incentive to alter his notes to omit evidence of Craft's homosexual advances to employees rather than to accentuate it" and that "[t]he fact that such evidence is manifestly present in the notes reinforces our conclusion that Clark acted in good faith and that the records he kept are trustworthy" (quoting *United States v. Wells*, 262 F.3d 455, 459-60 (5th Cir. 2001))).

Similarly, here, there is no reason to question the trustworthiness of the police departments' recording of the civilian eyewitness statements. To the extent that those

statements contain descriptions of the shooting in question – or the events immediately preceding the shooting – that are unfavorable to the police officers involved, the police departments had an incentive to alter the record to omit such descriptions. The fact that potentially unfavorable descriptions of events before the use of deadly force exist "reinforces a conclusion that [the police departments] acted in good faith and that the records [they] kept are trustworthy." *Id.*

Further, as Plaintiff's objection points out, Defendant stipulated to the authenticity and admissibility of all records and documents produced by Tarrant County College, which include the witness statements of Richard Brown and Macario Villanueva (but not those of Melinda Craig, Sonny Garrett, or Richard Leppert). *See* Dkt. No. 58 at 1; Dkt. No. 83 at 4-5.

If the Court includes the witness statements as part of the proper summary judgment evidence, the statements merely strengthen the Magistrate Judge's conclusion that, accepting as true Plaintiffs' version of the facts, it was not objectively reasonable for Defendant to use deadly force against Jordan Hatcher and that, therefore, Defendant is not entitled to summary judgment on his affirmative defense of qualified immunity.

For example, one civilian eyewitness, Melinda Craig, stated that, although she did not witness the actual gunshots (because she had looked away, toward her son), before she turned away, she saw that Jordan Hatcher was bent over, reacting to being sprayed with yellow foam (presumably pepper spray). She further stated that, when she observed Jordan Hatcher bent over just before she heard the gunshots, Hatcher's

arms were closer to his pants and that she could see that his hands were empty. Another civilian eyewitness, Sonny Garrett, stated that he did not see Jordan Hatcher go for a weapon.

Defendant lodged attacks as to how the statements of Ms. Craig and Mr. Garrett should be interpreted and what reasonable inferences should be drawn from them. *See* Dkt. No. 80 at 4-6. But, even considering these arguments and Defendant's argument as to a discrepancy between the audio recording and a portion of Ms. Craig's transcript, the Court will reasonably construe the evidence in favor of Plaintiffs, as the nonmovants.

Whether Jordan Hatcher was armed with a taser at the moment that Defendant used deadly force against him is a material fact here. Defendant's best version of the facts shows that he was, while Plaintiffs' best version of the facts shows that he was not. Because that material fact, along with others identified by the Magistrate Judge, is disputed by proper summary judgment evidence, the Court cannot grant summary judgment on Defendant's qualified immunity defense. *See Reyes v. Bridgewater*, 362 F. App'x 403, 409 (5th Cir. 2010) ("The cases on deadly force are clear: an officer cannot use deadly force without an immediate serious threat to himself or others. Here, the facts are unclear; was there such an immediate threat? [Defendant's] version of the facts would say 'yes,' while [Plaintiffs'] versions would say 'no.' The case presented here is ... one where the facts are not clearly established. As such, summary judgment [is] improper.").

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and

Recommendation of the United States Magistrate Judge are accepted in part as explained above. The pending motion for summary judgment on the issue of qualified immunity [Dkt. No. 60] is **DENIED**, the pending motion for leave to amend the complaint [Dkt. No. 68] is **GRANTED**, and the Clerk of Court is **DIRECTED** to docket Dkt. No. 68-1 as the second amended complaint.

SO ORDERED this 24th day of March, 2016.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**